UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KATHERINE JARVIS,

    Plaintiff,                    Case No: 2:21-cv-10381

v.                                Hon. Bernard A. Friedman

OAKLAND-MACOMB OBSTETRICS    Mag. Judge Elizabeth A. Stafford
AND GYNECOLOGY, P.C. AND
JOHN MICALLEF,

    Defendants.

| | |
|---|---|
| SHINN LEGAL, PLC | JACKSON LEWIS P.C. |
| Jason M. Shinn (P64453) | Emily M. Petroski (P63336) |
| Attorney for Plaintiff | Franceska N. Edinger (P84629) |
| 3080 Orchard Lake Rd., Suite C | Attorneys for Defendants |
| Keego Harbor, MI 48320 | 2000 Town Center, Suite 1650 |
| (248) 850-2290 | Southfield, MI  48075 |
| jshinn@shinnlegal.com | (248) 936-1900 |
| | emily.petroski@jacksonlewis.com |
| | franceska.edinger@jacksonlewis.com |

**SHINN LEGAL'S MOTION TO WITHDRAW AS COUNSEL FOR
PLAINTIFF KATHERINE JARVIS**

Shinn Legal, PLC and Jason Shinn ("Counsel") moves to withdraw as legal counsel for Plaintiff Katherine Jarvis. This motion is made after Ms. Jarvis unilaterally filed a motion on her own behalf (ECF No. 16) to "withdraw her consent" to a stipulated protective order (ECF No. 14) previously entered in this matter. See Plaintiff's Motion, ECF No. 16, Pg. Id 107.

**I.    Summary of Motion**

1

Plaintiff's motion (ECF No. 16) was filed without consulting Counsel. The Motion is now also a public example of disagreements between Plaintiff and Counsel over recommendations and trial decisions. Under Plaintiff's Motion, she has decided to disregard such recommendations and decisions. Plaintiff's motion documents an unworkable attorney-client relationship and fundamental breakdown in that relationship.

As such, there is now a conflict between Counsel and Plaintiff under the Michigan Rules of Professional Conduct 1.16(b)(3) in that Plaintiff and Counsel disagree over the pursuit of objectives and strategy, (5) in that the representation has been rendered unreasonably difficult because Plaintiff - with no factual basis - claims in her Motion that Counsel conspired against Plaintiff to "only" protect Defendants. See paragraph 2, Pg. Id 105 and under (6) in that the circumstances represent other good cause for withdrawal.

## II. Notice and Concurrence in the Requested Relief.

Ms. Jarvis was advised by email on 9/28/2021 of Counsel's decision to file a motion with the Court to withdraw as Plaintiff's legal counsel and asked her if she would agree to the requested relief. Several follow up emails sent on 9/29 and 9/30 reiterated Counsel's decision to move to withdraw and repeated Counsel's request that Plaintiff agree to the requested relief. While Plaintiff emailed Counsel on 9/30/2021, Plaintiff did not respond to Counsel's request to withdraw from legal

representation of Plaintiff.

This counsel also contacted Defendant's Counsel (Ms. Emily Petroski) on 9/30/2021 under L. Civ. R. 7.1(d), to explain the nature of this Motion and its legal basis, and request concurrence in the relief sought. Defendants' Counsel advised Defendants would not oppose the motion or the requested relief.

WHEREFORE, Shinn Legal, PLC and attorney Jason Shinn requests that this Honorable Court grant this motion and enter an order allowing withdrawal of Counsel and all its appearing attorneys from representation of Plaintiff. Counsel also request the Court stay the litigation for 30-days, or other reasonable time, to allow Plaintiff to obtain new counsel or notify the Court and Defendant that she will represent herself in this lawsuit.

Respectfully submitted,

By:   /s/Jason M. Shinn  Date: October 1, 2021
      Jason M. Shinn
      jshinn@shinnlegal.com
      Counsel of Record for Plaintiff
      Shinn Legal, PLC
      3080 Orchard Lake Rd.
      Suite C
      Keego Harbor, MI 48320

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KATHERINE JARVIS,

     Plaintiff,                    Case No: 2:21-cv-10381

v.                            Hon. Bernard A. Friedman

OAKLAND-MACOMB OBSTETRICS     Mag. Judge Elizabeth A. Stafford
AND GYNECOLOGY, P.C. AND
JOHN MICALLEF,

     Defendants.

| | |
|---|---|
| SHINN LEGAL, PLC | JACKSON LEWIS P.C. |
| Jason M. Shinn (P64453) | Emily M. Petroski (P63336) |
| Attorney for Plaintiff | Franceska N. Edinger (P84629) |
| 3080 Orchard Lake Rd., Suite C | Attorneys for Defendants |
| Keego Harbor, MI 48320 | 2000 Town Center, Suite 1650 |
| (248) 850-2290 | Southfield, MI  48075 |
| jshinn@shinnlegal.com | (248) 936-1900 |
| | emily.petroski@jacksonlewis.com |
| | franceska.edinger@jacksonlewis.com |

**BRIEF IN SUPPORT OF SHINN LEGAL'S MOTION TO WITHDRAW
AS COUNSEL FOR PLAINTIFF KATHERINE JARVIS**

# TABLE OF CONTENTS

**Table of Authorities** ............................................................................**Error! Bookmark not defined.**

**STATEMENT OF CONTROLLING AUTHORITY** ....................................................... iii

**STATEMENT OF ISSUE PRESENTED** ........................................................................ iv

I.    **STATEMENT OF FACTS** ............................................................................................. 1

  A.    **Procedural Background.** ............................................................................................. 1

  B.    **The Stipulated Protective Order and documents produced under it.** ........................ 1

  C.    **Plaintiff is advised Counsel will not seek to withdraw the Stipulated Protective Order.** ............ 2

  D.    **On 9/28/2021, Plaintiff filed for herself a Motion to Dismiss or Strike the protective order. The Motion was filed without consulting Counsel and it makes clear Plaintiff disagrees with Counsel's judgment and litigation strategy.** ............ 2

  E.    **Plaintiff acknowledges in her Motion each party has the right to seek a protective order, but it should be on a "per-document basis."** ........................................................................... 3

II.    **LEGAL ARGUMENT** .................................................................................................... 4

  A.    **Legal Standard** .......................................................................................................... 4

  B.    **Michigan Rule of Professional Conduct 1.16(b)** ..................................................... 4

  C.    **Under MRPC 1.16(b)(3), Counsel may withdraw from representation in this case.** .................. 5

  D.    **Under MRPC 1.16(b)(5), Counsel may withdraw from representation in this case.** .................. 8

  E.    **Under MRPC 1.16(b)(6), Counsel may withdraw from representation in this case.** ................. 10

  F.    **Plaintiff's unilateral filing of her motion and without consulting Counsel conflicts with the applicable court rules.** ................................................................................................ 11

  G.    **Withdrawal can be accomplished without material adverse effect on the interest of Plaintiff or Defendants.** ............................................................................................... 11

**Conclusion and Relief Requested** ................................................................................... 12

## Table of Authorities

**Federal Cases**

*Brandon v. Blech*,

    560 F.3d 536 (6th Cir. 2009) ................................................................. 4

*King v. Curtis*,

    610 F. App'x 534 (6th Cir. 2015) ........................................................... 4

*White v. Jindal*,

    Case No 13-15073, 2016 U.S. Dist. LEXIS 44421 (E.D. Mich. Apr. 1, 2016) .. 10

**Federal Statutes**

28 U.S.C.S. § 1927 (LexisNexis) ................................................................. 7

**State Cases**

*Ambrose v. Det. Edison Co.*,

    65 Mich. App. 484 (1975) ...................................................................... 8

*Licari v. Licari*,

    Case No. 314025, 2014 Mich. App. LEXIS 752 (Mich. Ct. App. Apr. 22, 2014)  7, 12

**Rules**

Fed. R. Civ. P. 26 .................................................................................... 6

L. Civ. R. 7.1(d) ..................................................................................... 3

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

Counsel relies on Michigan Rules of Professional Conduct 1.16(b)(3), (5), and (6), and the additional caselaw cited in the Brief applying or discussing these Rules.

## <u>STATEMENT OF ISSUE PRESENTED</u>

Plaintiff, without consulting Counsel, moved to withdraw her consent to a stipulated protective order and have it dismissed or stricken because she believes Counsel agreed to it to protect Defendants and to the detriment of Plaintiff. Plaintiff's requested relief also contradicts Counsel's legal advice and recommendations and involves a course Counsel finds imprudent and strongly disagrees with.

Under these circumstances, should Counsel be permitted to withdraw from representation of Plaintiff under Michigan Rules of Professional Conduct 1.16(b)(3), (5), or (6)?

| | |
|---|---|
| Counsel for Plaintiff Answers: | Yes. |
| Plaintiff Answers: | Did not agree or disagree. |
| Defendant Answers: | Will not oppose the motion. |
| The Court Should Answer: | Yes. |

## I.    STATEMENT OF FACTS

### A.    Procedural Background.

On February 22, 2021, Counsel filed suit on behalf of Plaintiff. ECF No. 1 ("Lawsuit"). The Court entered its Scheduling Order (ECF No. 13). Under it, this matter is not scheduled for trial until July 2022. And discovery does not end until February 2022. *Id*. There have been no adjournments of the scheduling order.

After the Lawsuit was filed, Defendants' attorneys presented Plaintiff's Counsel with a proposed stipulated protective order to submit to the Court for entry. Counsel for Plaintiff reviewed the proposed order, conferred with Defendants' attorneys on the requested protective order, made revisions on behalf of Plaintiff, and continued to confer with opposing counsel over the proposed protective order. After this, the attorneys for the parties agreed to a stipulated protective order on August 25, 2021. It was submitted to the Court, which was signed by the Court on August 27, 2021. ECF No. 14.

### B.    The Stipulated Protective Order and documents produced under it.

Under the Stipulated Protective Order, either party may produce documents or information as "Confidential" or "Attorney's Eyes Only" for highly confidential information if such information met the specified criteria for the designation. Protective Order, ECF No. 14, paragraph 1, Pg. Id 89.

Counsel produced Plaintiff's responses to Defendants' Request to Produce Documents. And some of those documents were produced as "CONFIDENTIAL"

as provided for under the Protective Order. Similarly, Defendants also produced documents, which were also produced as "CONFIDENTIAL" under the Protective Order. No party has produced documents designated as "Attorney's Eyes Only."

**C.   Plaintiff is repeatedly advised that Counsel will not seek to withdraw the Stipulated Protective Order and the reasons for not doing so.**

After the Stipulated Protective Order was entered, Plaintiff expressed some of the disagreement reflected in her Motion. In response, Counsel communicated with Plaintiff about the many considerations that went into stipulating to the Protective Order. In fact, contrary to Plaintiff's assertions in the Motion, Counsel exchanged many emails and phone calls explaining the routine nature of a protective order, the legal basis for it, how it protects the confidentiality of Plaintiff's, Defendants' and non-parties who may produce documents and information in this lawsuit, answering questions about it, and trying to dispel misunderstandings about the protective order, including those documented in Plaintiff's Motion. See ECF No. 16, paragraphs 3, 4, 7, and 11.

Counsel also repeatedly advised that it was his professional opinion the protective order was appropriate and he would not move to withdraw it. Most recently, Counsel advised Plaintiff in an 9/22/2021 email that he did not intend to move to withdraw the stipulated protective order.

**D.   On 9/28/2021, Plaintiff filed for herself a Motion to Dismiss or Strike the protective order. The Motion was filed without consulting Counsel and it makes clear Plaintiff disagrees with Counsel's**

**judgment and litigation strategy.**

On September 28, 2021, Plaintiff moved to Dismiss or Strike the Protective Order. ECF No. 16. This motion was filed without consulting Counsel or advance notice to Counsel. Among the assertions made in the Motion are those reflecting Plaintiff disagreement with Counsel's legal trial strategy and legal decisions made in this matter. See Motion, Pg. *Id.* 105 "Katherine Jarvis does not agree with any part of the Stipulated Confidentiality Protective Order and any part therein …" or paragraph 9.

Plaintiff's also makes baseless assertions that it violates her "first amendment right of the United States Constitution," Counsel did not read it, Counsel is protecting Defendants at the expense of Plaintiff, and it protects Defendant from disclosing anything that proves its wrongdoing (ECF No. 16, beginning on Pg. Id 105, paragraph 3, 4, and 11.

**E.    Plaintiff acknowledges in her Motion each party has the right to seek a protective order, but it should be on a "per-document basis."**

Plaintiff's Motion to Strike or Withdraw the Protective Order is further perplexing in that Plaintiff's Motion recognizes that Defendants may seek a protective order (Motion, Pg. Id 106, Paragraph 7). And Plaintiff "Reserves the Right to seek a protective order for herself. Id, paragraph 8.

She, however, asserts that instead of Counsel's stipulation to a protective order, the Parties should consume the Court's time by addressing protective orders

on a "per-document basis." Plaintiff's Motion, ECF 16, Paragraph 8, Pg. Id 106.

## II.   LEGAL ARGUMENT

### A.   Legal Standard

Attorneys may withdraw upon order of the Court. E.D. Mich. LR 83.25. Michigan's Rules of Professional Conduct allow an attorney to withdraw if he is discharged or if there is a breakdown in the attorney-client relationship. Mich. R. Prof'l Conduct ("MRPC") 1.16(a)(3), 1.16(b).

The Court looks to the Michigan Rules of Professional Conduct, which attorneys practicing in this Court are subject to, to determine whether leave to withdraw should be granted. See *King v. Curtis*, 610 Fed. Appx. 534 (6th Cir. 2015).

While these rules do not guarantee a right to withdraw, "they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (Reversing district court's denial of law firm's motion to withdraw over client's nonpayment of legal fees).

### B.   Michigan Rule of Professional Conduct 1.16(b)

Michigan Rule of Professional Conduct 1.16(b) provides that a lawyer may withdraw from representing a client, with out a showing that the withdrawal can be accomplished without material adverse effect, **if** the conditions identified in this Motion exist. Specifically,

> a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, **or** if:

...

(3)   the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(5)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6)   other good cause for withdrawal exists.

*Id* (emphasis added).

### C.   Under MRPC 1.16(b)(3), Counsel may withdraw from representation in this case.

Plaintiff's unilateral motion (ECF No. 16) makes clear the position, arguments, and relief that Plaintiff pursues in her motion create a conflict under MRPC 1.16(3).

This is because Counsel exercised professional judgment in negotiating and agreeing to the stipulated protective order. Such orders are common and routine matter in litigation. It was also believed it was in Plaintiff's interest to have such protections. Among the considerations that went into entering into the stipulated protective order were these:

- First, Plaintiff worked at Defendant Oakland-Macomb Obstetrics and Gynecology, P.C. where she provided its patients ultrasound services. Plaintiff's lawsuit involves concerns she voiced and reported over employment and patient care matters. As such, this lawsuit to some measure involves the disclosure or reference of highly confidential medical information of non-parties. Counsel believes that protecting the

5

confidentiality of non-parties, especially when it comes to highly private and confidential medical care is important. And to not protect such information is both repugnant and imprudent.

- Second, discovery requests directed to Plaintiff called for the production of her own medical, financial, and other information that is appropriately designated as confidential. And counsel designated some of that information as "Confidential." Thus, Counsel sought to protect the use and disclosure of Plaintiff's information if it met the definition of "Confidential" under the stipulated protective order. And it was not in Plaintiff's best interest to refuse to agree to a stipulated protective order only to turn around and seek a protective order for Plaintiff's production.

- Third, discovery requests directed to Defendants also called for the production of information likely to be considered confidential, including information relating to patient care, other employees, and financial information. Such information would also likely meet the definition of "Confidential" under the stipulated protective order. Thus, Defendants would have been entitled to move for a protective order.

- Fourth, in agreeing to the protective order, undersigned counsel believed these preceding concerns warranted protections explicitly provided for under the Court Rules, e.g., Fed. R. Civ. P. 26(c) and E.D. Mich. LR 26.4.

These considerations also mean a refusal to concur in the requested relief of a protective order or pursuing Plaintiff's desire to withdraw the protective order is considered by Counsel under MRPC 1.16(3) to be imprudent, extremely distasteful, and incompatible with how Counsel chooses to conduct litigation.

Also a refusal to agree to the protective order at the outset or to now move to withdraw it could be argued as an example of improper and vexatious litigation in the Court, which would implicate violations of E.D. Mich. LR 7.1; 28 U.S.C.S. § 1927; E.D. Mich. LR 7.1(3) ("The court may tax costs for unreasonable withholding of consent."), or other sanctions under the Court's "inherent authority" to impose sanctions based on a litigant's bad faith and conduct that "abuses the judicial process." *First Bank of Marietta v. Hartford Underwriters Ins*., 307 F.3d 501, at 516-19 (6th Cir. 2002); (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Counsel also finds it repugnant or imprudent to engage in conduct that could be argued to implicate these inherent sanctions.

Plaintiff's refusal to cooperate and follow Counsel's recommendations is a recognized reason for granting a motion to withdraw. *Licari v. Licari*, 2014 Mich. App. LEXIS 752 *6 (2014). **Ex. A.**

In fact, *Licari* is even more of a compelling example for granting Counsel's present motion because there the withdrawal was granted one month before trial began. In reaching that decision, the Michigan Court of Appeals reasoned, "that it

follows from that view of the role of an attorney that a client's total failure to cooperate is sufficient 'good cause' to allow an attorney to discontinue representing his client." *Id,* quoting *Ambrose v. Detroit Edison Co.*, 65 Mich. App. 484, 489 (1975).

### D.    Under MRPC 1.16(b)(5), Counsel may withdraw from representation in this case.

Plaintiff's motion marks one public example of how Counsel's representation has been rendered unreasonably difficult by Plaintiff. And the record made by Plaintiff's motion reveals more than just her disagreement with and disregard of the trial strategy and legal recommendations of Counsel.

Plaintiff's Motion also makes clear that there is a complete breakdown of the attorney-client relationship that warrants withdrawal. This is because she asserts - with no factual basis - that Counsel conspired against her to protect Defendants. ECF No. 16, Pg. ID 105, paragraphs 3, 4, and 11.

Specifically, Plaintiff tells the Court that Counsel conspired against her by agreeing to a protective order that harms her and only protects Defendants. See paragraph 3, Pg. Id 105: "The Stipulated Confidentiality Protective Order only protects the defendants from their wrongdoing."

She reiterates the baseless accusation in paragraph 4: "The Stipulated Confidentiality Protective Order is only for the benefit of the defendants." *Id*.

Plaintiff again tells the Court that Counsel is working against her interests

and protecting Defendants' interests: "The Stipulated Confidentiality Protective Order … allow[s] the defendant not to disclose anything that needs to be disclosed to prove the wrongdoing on the defendants [sic] part." Paragraph 11, Pg. Id 106.

Even if Plaintiff refused to accept Counsel's many attempts to explain what the protective order actually provides, a cursory review of the Protective Order makes clear that Plaintiff's representations to the Court have no factual basis.

For example, compare her representations (*supra,* paragraph 3 and 4, Pg. Id 105) that the order "only protects the defendants" or that it is "only for the benefit of the defendants" with the actual language of the protective order: "If … Defendant or Plaintiff … discloses Discovery Material they deem private, confidential, or proprietary, the producing party …. may designate such Discovery Material as "Confidential." Pg. ID 89. Thus, contrary to Plaintiff's assertions, the protective order is drafted for the benefit of both parties.

Defendants also do not have a pass to "not disclose anything … that prove the wrongdoing …" as Plaintiff claims. See ECF No. 16, Pg. Id 106, ¶ 11.

And Plaintiff is not prejudiced by an improper designation. This is because Plaintiff or Defendant may also challenge a "Confidential Designation." Pg. Id  92, Paragraph 8.

Plaintiff also is not harmed by any stipulation in the protective order providing for the filing of any discovery material under seal. Pg. Id 96, Paragraph

21 ("This order does not authorize the filing of any documents under seal.").

In sum, the Protective Order contradicts Plaintiff's conclusory and baseless representations that Counsel agreed to a protective order that harmed her in order to protect Defendants.

For these preceding reasons, Counsel's Motion to withdraw is on point with *White v Jindal*, 2016 U.S. Dist. LEXIS 44421, at *11 (ED Mich, Apr. 1, 2016). **Ex. B** There, the Court found a fundamental breakdown in the attorney-client relationship that warranted the granting of Counsel's withdrawal. In *White,* the law firm argued for withdrawal because: (i) "[Plaintiff's] belligerent insistence upon taking action that [counsel] believes to be legally unjustified"; (ii) The law firm noted that Plaintiff's "tone and attitude has become increasingly hostile" and that Plaintiff "no longer accept[s] the advice of counsel"; (iii) Plaintiff "asserted that [counsel's] advice constitutes 'collaboration'" with opposing counsel; and (iv) Plaintiff "asserted he intended to file a motion to amend his complaint without further consulting legal counsel." 2016 U.S. Dist. LEXIS 44421, at *10.

The Court agreed these preceding issues marked "a fundamental breakdown in the attorney-client relationship" and granted the motion to withdraw.

> **E.    Under MRPC 1.16(b)(6), Counsel may withdraw from representation in this case.**

For the reasons set forth above under Section "D" withdrawal is also warranted under MRPC 1.16(b)(6). In sum, Plaintiff refuses to accept legal

recommendations or trial strategy makes for a difficult engagement. And added to this difficulty, Plaintiff's motion resorts to making unfounded conspiratorial claims that Counsel is working against Plaintiff in favor of protecting the defendants. While these conspiracies crumble with a cursory review of Plaintiff's citations to the Protective Order, Plaintiff still holds these unfounded beliefs. Even so, Plaintiff should have legal counsel she believes to be representing her interests.

**F.    Plaintiff's unilateral filing of her motion and without consulting Counsel conflicts with the applicable court rules.**

The applicable rules contemplate that legal counsel making an appearance for a party will also be solely responsible for making the record (e.g., see E.D. Mich. LR 83.25). These rules and efficient judicial procedures do not function if the record  is populated with disjointed filings of an attorney taking one position and a party filing her own filings and taking contrary positions. And this is another reasons

**G.    Withdrawal can be accomplished without material adverse effect on the interest of Plaintiff or Defendants.**

Counsel may withdraw under the above identified rules (MRPC 1.16(b)(3), (5), or (6)) even if there were a material adverse effect on the interests of the client. But no such material adverse effect exist.

Specifically, Discovery is to be completed by February 1, 2022, and trial is scheduled for July 5, 2022. Scheduling Order, ECF No. 13. The Parties have also exchanged and answered written discovery. Plaintiff has also been actively involved

in her case if she chooses to represent herself, as is evident from her Motion.

Thus, Plaintiff or her successor counsel and Defendants will have about three months to complete discovery with no adjournment of the current scheduling order.

Even so, Counsel requested in the relief to provide Plaintiff 30-days to retain legal counsel. There have been no adjournments. And even a short adjournment of dates to allow new counsel to step in does not equate to severe prejudice. See *Licari, supra* (Court said withdrawal of counsel a month before trial was appropriate.). **Ex. A**.

Additionally, Counsel has already migrated at least most of Plaintiff's case materials, e.g., Court filings, discovery responses served and received, and other case documents to an online repository[1] where Plaintiff may access and download it at her convenience.

Counsel has advised Plaintiff in writing that, with her consent, electronic access to her case materials will be given to her successor counsel. Thus, Plaintiff, her successor counsel, or both can seamlessly transition to litigating this matter without delay or Counsel's representation.

## <u>Conclusion and Relief Requested</u>

As outlined above, there are many reasons Counsel should be permitted to withdraw as counsel for Plaintiff. These reasons all point towards a breakdown of the attorney-client relationship. Thus, there is good cause to withdraw.

---

[1] Counsel has invested in an electronic document management system from NetDocuments, which is used by many law firms, in-house counsel, governmental agencies and healthcare facilities. .

WHEREFORE, Shinn Legal, PLC and attorney Jason Shinn requests that this Honorable Court grant this motion and enter an order allowing withdrawal of Counsel and all its appearing attorneys from representation of Plaintiff, and staying the litigation for 30-days, or other reasonable time, to allow Plaintiff to obtain new counsel or notify the Court and Defendant that she will represent herself in this lawsuit.

Respectfully submitted,

By:   /s/Jason M. Shinn   Date: October 1, 2021
Jason M. Shinn
jshinn@shinnlegal.com
Counsel of Record for Plaintiff
Shinn Legal, PLC
3080 Orchard Lake Rd.
Suite C
Keego Harbor, MI 48320

## CERTIFICATE OF SERVICE

I certify that on October 1, 2021,  that I electronically filed  SHINN LEGAL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF KATHERINE JARVIS, and this Certificate of Service with the Clerk of Court using the Electronic Court Filing System, which will send notification of such filing to all parties of record.

I also certify that on October 1, 2021, I e-mailed a copy of the foregoing document to Ms. Katherine Jarvis at katherinegjarvis@gmail.com, which is the email she identified in her Motion (ECF 16) as her email account.

*/s/ Jason M. Shinn* (P64453)

4847-6798-6429, v. 1

13